UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

---

PAUL BRUCE and FRANCES BRUCE,

    Plaintiffs,

    -v-

PHOENIX VA HEALTH CARE SYSTEM,

    Defendant.

---

**DECISION AND ORDER**
12-CV-783S

-PSO-

FILED OCT 19 2012 MICHAEL J. ROEMER, CLERK WESTERN DISTRICT OF NY

Plaintiffs, proceeding *pro se*, have filed a complaint asserting a claim under the Federal Tort Claims Act, 28 U.S.C. § 1346(b) ("FTCA"), alleging personal injuries arising from his treatment at the Phoenix VA Health Care System.

### Application to proceed *in forma pauperis*

The motion for leave to proceed *in forma pauperis* which accompanied the complaint was signed only by plaintiff Paul Bruce; the motion neither lists Frances Bruce as a plaintiff nor is it signed by her.

If Frances Bruce wishes to proceed as a poor person in this action, she must submit a separate application to do so <u>or</u> pay the $350 filing fee within **30 days** of the date of this Order. If she fails to timely respond, she will be dismissed as a party to this proceeding without further Order of the Court.

### Administrative Exhaustion

As noted, the sole claim asserted in the complaint is alleged to arise under the FTCA. An FTCA claim is time-barred unless a claimant presents the claim in

writing to the appropriate Federal agency within two years after the claim accrues. See 28 U.S.C. § 2401(b). Further, exhaustion of administrative remedies is a prerequisite to filing suit. See 28 U.S.C. § 2675(a). Prior to filing suit in federal court, a plaintiff must show that he filed an administrative claim with the appropriate federal agency and either obtained a written denial of the claim, or that at least six months have passed with no decision. *Id.*[1] Failure to completely exhaust administrative remedies prior to filing suit is a jurisdictional defect that cannot be cured by administrative exhaustion after filing suit. See *McNeil v. United States*, 508 U.S. 106, 111-113, 113 S. Ct. 1980, 124 L. Ed. 2d 21 (1993) ("FTCA bars claimants from bringing suit in federal court until they have exhausted their administrative remedies"); *Johnson v. The Smithsonian Institution*, 189 F.3d 180, 189 (2d Cir. 1999) (a district court lacks subject matter jurisdiction over a plaintiff's FTCA claim, unless the plaintiff complies with requirement set forth in 28 U.S.C. § 2401(b) that the claim be submitted in writing to appropriate Federal agency within two years after accrual of claim) (citations omitted). The plaintiff bears the burden of pleading and proving compliance with section 2401(b). See *id.*

---

[1] The FTCA provides, in relevant part:

An action shall not be instituted upon a claim against the United States for money damages for injury or loss of property or personal injury . . . caused by the negligent or wrongful act or omission of any employee of the Government . . . *unless the claimant shall have first presented the claim to the appropriate Federal agency* and his claim shall have been finally denied by the agency in writing. . . . The failure of an agency to make final disposition of a claim within six months after it is filed shall, at the option of the claimant any time thereafter, be deemed a final denial of the claim for purposes of this section.

28 U.S.C § 2675(a) (emphasis added).

The complaint gives no indication that plaintiffs exhausted their administrative remedies prior to filing their action. Accordingly, in order to determine whether this Court has jurisdiction, plaintiffs will be directed to file an amended complaint within **30 days** of the date of this Order in which they should provide evidence of the complete exhaustion of their claim under the FTCA. *See* 28 U.S.C. § 1653 (providing for the amendment of defective allegations of jurisdiction in the U.S. courts); *see also, e.g., Torres v. United States*, 2008 U.S. Dist. LEXIS 93119, at *2-3 (E.D.N.Y. 2008) (plaintiff directed to provide evidence that he had presented claims to the appropriate federal agencies, thus administratively exhausting his claim as required under the FTCA). That is, plaintiffs should provide documents establishing that they provided the Veteran's Administration or other appropriate federal agency with written notification of the alleged personal injuries, and that their claim was denied in writing or that they received no reply to such claim within six months after its filing. If plaintiffs do not have documents showing the denial or other disposition of their administrative claim, they should state the exact or approximate date on which they received such denial or disposition.

## **ORDER**

IT HEREBY IS ORDERED that plaintiff Frances Bruce submit a separate application to proceed *in forma pauperis* or pay the filing fee within **30 days** of the date of this Order;

FURTHER, that the Clerk of the Court shall send plaintiff Frances Bruce a form motion to proceed *in forma pauperis*;

FURTHER, that if plaintiff Frances Bruce's fails to either submit a separate application to proceed *in forma pauperis* or pay the filing fee within **30 days** from the date of this Order, the Clerk of the Court will terminate her as a party to this proceeding without further Order;

FURTHER, that plaintiffs are directed to file, within **30 days** of the date of this Order, an amended complaint to cure the deficiency pertaining to exhaustion of their claim, as outlined above;

FURTHER, that the Clerk of the Court shall send plaintiffs a civil complaint form, the instructions for filing an amended complaint and a copy of the complaint filed in this action;

FURTHER, that plaintiffs' failure to file an amended complaint within **30 days** of the date of this Order will result in a dismissal of this action under 28 U.S.C. § 1915(e)(2)(B) without further Order.

IT IS SO ORDERED.

_____
HONORABLE RICHARD J. ARCARA
DISTRICT JUDGE
UNITED STATES DISTRICT COURT

Dated: Oct. 18, 2012